ROSS LLP
Peter W. Ross (State Bar No. 109741)
  *pross@rossllp.la*
Eric C. Lauritsen (State Bar No. 301219)
  *elauritsen@rossllp.la*
1900 Avenue of the Stars, Suite 1225
Los Angeles, California 90067
Telephone: (424) 704-5600
Facsimile: (424) 704-5680

Attorneys for Plaintiff
GRAPHIC PRINTS, INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| GRAPHIC PRINTS, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>BOARDRIDERS, INC., a Delaware corporation; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR:**<br><br>**(1) FEDERAL TRADEMARK INFRINGEMENT;**<br>**(2) FALSE DESIGNATION OF ORIGIN [15 U.S.C. § 1125(a)];**<br>**(3) STATUTORY UNFAIR COMPETITION [Cal. Bus. & Prof. Code §§ 17200 et seq.];**<br>**(4) BREACH OF CONTRACT**<br><br>**DEMAND FOR JURY TRIAL** |

COMPLAINT

Plaintiff Graphic Prints, Inc. ("GPI"), as and for its complaint against defendant Boardriders, Inc. ("Boardriders") and Does 1 through 10, inclusive, hereby alleges as follows:

## THE PARTIES

1. GPI is a California corporation with its principal place of business in Los Angeles County, California.

2. Upon information and belief, Boardriders is a Delaware corporation with its principal place of business in Orange County, California.

3. Plaintiff is unaware of the true names and capacities of defendant Does 1 through 10, inclusive, and therefore sues them by such fictitious names. Plaintiff is informed and believes, and thereon alleges, that each of the fictitiously named defendants engaged in, or is in some manner responsible for, the wrongful conduct alleged herein. Plaintiff therefore sues these defendants by such fictitious names and will amend this complaint to state their true names and capacities when such have been ascertained.

4. Plaintiff is informed and believes and thereon alleges that, in doing the acts alleged herein, each of the defendants was the agent, principal, employee, representative, or alter ego of the other defendants and/or acted with one or more of the other defendant's knowledge, consent, and approval, and acted within the course and scope of his agency or representative capacity. As such, each of the defendants is responsible for the actions of the other defendants, as alleged herein.

## PERSONAL JURISDICTION

5. Upon information and belief, this Court has general personal jurisdiction over Boardriders because the company's principal place of business as reported to the California Secretary of State is within this District.

6. This action arises in part under the laws of the United States—including but not limited to its trademark laws, 15 U.S.C. § 1114 *et seq.* This Court has jurisdiction pursuant to 15 U.S.C. § 1121, 28 U.S.C. § 1331, and 28 U.S.C.

§ 1338(a). The Court has jurisdiction over the unfair competition claims herein under the provisions of 28 U.S.C. § 1338(b) in that said claims are joined with a substantial and related claim under the trademark laws of the United States. Pursuant to 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over the state law claims, all of which arise out of and have a nexus to the facts giving rise to the federal claims and therefore form a part of the same case or controversy under Article III of the United States Constitution.

7. Venue is proper in this district under 28 U.S.C. §§ 1391(a)–(d), among other bases, insofar as Boardriders has committed unlawful acts in this judicial district and has done and is doing substantial business in this judicial district.

**GENERAL ALLEGATIONS**

8. This dispute arises from Boardriders' willful infringement of GPI's PIPELINE® trademark and flagrant violation of contractual commitments made to GPI by Boardriders' predecessor.

9. GPI is a lifestyle and apparel company based in Los Angeles County, California. Since 1980—that is, for more than 40 years—the company has continuously marketed products, including apparel associated with the surf and beach cultures of Southern California and Hawaii, using the trademark PIPELINE®. Through such use, the PIPELINE® mark has become the subject of extensive goodwill among a devoted base of consumers.

10. GPI has always valued its intellectual property, and this fact is reflected in the company's trademark registration practices. For example, but without limitation, GPI is the registrant associated with Registration Number 1691658 (the "'658 Registration") for the word "PIPELINE" as applied to clothing including shirts, shorts, swimwear, pants, and socks. The '658 Registration dates back to 1992 and is now incontestable. A true and correct copy of the registration certificate associated with the '658 Registration is appended hereto as Exhibit A.

11. GPI recognizes that a brand as valuable as PIPELINE® requires strict

policing, and the company has asserted its rights against unauthorized users on multiple occasions through the years. Most notably for purposes of the present action, in 2010, GPI entered into a settlement agreement with VANS, a division of VF Outdoor, Inc. ("Vans") and GSM (Operations) Pty. Ltd. dba "Billabong" ("GSM") concerning their unauthorized use of the PIPELINE® mark on merchandise associated with a surfing event they sponsored called the "Pipeline Masters" (the "Settlement Agreement"). A true and correct copy of the Settlement Agreement is appended hereto in unsigned form as Exhibit B. GPI is informed and believes that a fully executed version of the Settlement Agreement exists, and it is continuing to search through its records to obtain a copy.

12. Pursuant to the Settlement Agreement, Vans and GSM agreed to cease and desist from their use of the word "Pipeline" in connection with the merchandise, and in fact rebranded the event at issue "Pipe Masters," with GPI's blessing, to avoid future confusion as to GPI's affiliation.

13. On information and belief, after GPI, Vans, and GSM signed the Settlement Agreement, Boardriders acquired GSM.

14. On information and belief, based upon Boardriders' acquisition of GSM, Boardriders became GSM's "assign" or "successor," as such terms are used in the Settlement Agreement, and is therefore bound to the agreement's terms pursuant to paragraph 11 thereof.

15. Notwithstanding GSM's express commitments in the Settlement Agreement, Boardriders has launched a new surfing competition under the moniker "Billabong Pro Pipeline" and is again selling merchandise bearing GPI's registered mark to promote the new event. Just a few of the many examples of unauthorized merchandise bearing GPI's registered trademarks that have been sold via Boardriders' billabong.com website are as follows:

  

16. Though GPI's entitlement to relief for this conduct is manifest, Boardriders acted flippantly when GPI sought to resolve this matter without litigation. Namely, Boardriders ignored an initial letter from GPI notifying the company of its claims, and did the same with respect to a follow up email from GPI's counsel inquiring as to the company's intentions. When GPI's own principal contacted Boardriders' general counsel by phone, a few weeks later, she paid lip service to the gravity of GPI's claims and assured him that Boardriders would investigate the claim promptly and revert with its position. She repeated this assurance when GPI's counsel called her after her own self-imposed deadline for doing so had lapsed. Unsurprisingly, radio silence has again followed, leaving GPI with little option but to escalate the parties' dispute via this action.

## FIRST CAUSE OF ACTION

**(Federal Trademark Infringement Under 15 U.S.C. §§ 1114 et seq.)**

17. GPI incorporates all allegations set forth hereinabove by this reference.

18. The PIPELINE® mark is a valid, protectable trademark and the subject of a valid U.S. trademark registration owned by Plaintiff—namely, the '658 Registration.

19. Boardriders has used and continues to use in commerce the PIPELINE® mark and other marks confusingly similar thereto or derivative thereof.

20. Boardriders's use of the PIPELINE® mark is not authorized by GPI.

21. On information and belief, Boardriders' use of the PIPELINE® mark has caused or is likely to cause consumer confusion or mistake or deceive the public as to the origin, sponsorship, or approval of GPI's and/or Boardriders' goods and commercial activities.

22. GPI is informed and believes and thereon alleges that, as a proximate result of Boardriders' use of the PIPELINE® Mark, Boardriders has made substantial sales and profits in amounts to be established according to proof.

23. GPI is informed and believes, and thereon alleges that, as a proximate result of Boardriders' use of the PIPELINE® mark, GPI has been damaged and deprived of substantial sales, profits, and royalties that GPI otherwise would have earned, in amounts to be established according to proof.

24. GPI is informed and believes, and thereon alleges that, unless restrained by the Court, Boardriders will continue to infringe GPI's trademark, thus engendering a multiplicity of judicial proceedings, and pecuniary compensation will not afford GPI adequate relief for the damage to its intellectual property rights, reputation, and sales. Further, GPI is informed and believes, and thereon alleges that, in the absence of injunctive relief, customers are likely to continue being mistaken or deceived as to the true source, origin, sponsorship, and affiliation of both GPI's and Boardriders' goods.

25. GPI is informed and believes, and thereon alleges that, Boardriders' acts were committed, and continue to be committed, with actual notice of GPI's exclusive rights and with an intent to cause confusion among consumers and harm to GPI's reputation and goodwill. Pursuant to 15 U.S.C. § 1117, GPI is therefore entitled to recover three times its actual damages or three times Boardriders' profits, whichever is greater, together with GPI's attorneys' fees.

/ / /

/ / /

26. Pursuant to 15 U.S.C. § 1118, GPI is entitled to an order requiring destruction of all infringing products, packaging, and marketing materials in Boardriders' possession.

## SECOND CAUSE OF ACTION

### (False Designation of Origin)

27. GPI incorporates all allegations set forth hereinabove by this reference.

28. GPI's use of the PIPELINE® trademark on apparel in interstate commerce precedes Boardriders'. GPI therefore has superior rights of ownership to the PIPELINE® trademark than Boardriders.

29. Boardriders has used the PIPELINE® mark in interstate commerce in connection with the sale of its own goods and services without GPI's authorization.

30. On information and belief, Boardriders' use of the PIPELINE® mark has caused or is likely to cause confusion or mistake or deceive the public as to Boardriders' affiliation with GPI, or as to the origin, sponsorship, or approval of GPI's and/or Boardriders' goods and commercial activities.

31. GPI is informed and believes and thereon alleges that, as a proximate result of Boardriders' use of the PIPELINE® Mark, Boardriders has made substantial sales and profits in amounts to be established according to proof.

32. GPI is informed and believes, and thereon alleges that, as a proximate result of Boardriders' use of the PIPELINE® mark, GPI has been damaged and deprived of substantial sales, profits, and royalties that GPI otherwise would have earned, in amounts to be established according to proof.

33. GPI is informed and believes, and thereon alleges that, unless restrained by the Court, Boardriders will continue to infringe GPI's trademark, thus engendering a multiplicity of judicial proceedings, and pecuniary compensation will not afford GPI adequate relief for the damage to its intellectual property rights, reputation, and sales. Further, GPI is informed and believes, and thereon alleges

that, in the absence of injunctive relief, customers are likely to continue being mistaken or deceived as to the true source, origin, sponsorship, and affiliation of both GPI's and Boardriders' goods.

34. GPI is informed and believes, and thereon alleges that, Boardriders' acts were committed, and continue to be committed, with actual notice of GPI's exclusive rights and with an intent to cause confusion among consumers and harm to GPI's reputation and goodwill.  Pursuant to 15 U.S.C. § 1117, GPI is therefore entitled to recover three times its actual damages or three times Boardriders' profits, whichever is greater, together with GPI's attorneys' fees.

35. Pursuant to 15 U.S.C. § 1118, GPI is entitled to an order requiring destruction of all infringing products, packaging, and marketing materials in Boardriders' possession.

## THIRD CAUSE OF ACTION

**(Statutory Unfair Competition – Business & Professions Code § 17200 et seq.)**

36. GPI incorporates all allegations set forth hereinabove by this reference.

37. Boardriders' conduct as alleged herein constitutes unlawful and unfair, business practices prohibited by sections 17200 et seq. and 17500 et seq. of the California Business & Professions Code.

38. Boardriders' conduct is unlawful for the reasons set forth herein, including but not limited to Boardriders' violations of federal trademark law and false designation of origin.

39. Boardriders' conduct is unfair for the reasons set forth herein. Without limitation, Boardriders' actions in blatantly misappropriating GPI's intellectual property – and continuing to do so even after being advised by GPI of its wrongdoing via pre-litigation correspondence – violate the policy and spirit of the antitrust laws, and significantly threaten or harm competition.

40. GPI is informed and believes and thereon alleges that as a direct and

proximate result of Boardriders' wrongful conduct as described above, Boardriders has gained property and revenues properly belonging to GPI, which therefore seeks restitution of these amounts.

## FOURTH CAUSE OF ACTION

### (Breach of Contract)

41. GPI incorporates all allegations set forth hereinabove by this reference.

42. The Settlement Agreement constitutes a valid contract to which GPI and Boardriders are bound.

43. GPI has done all or substantially all of the significant things that the Settlement Agreement required it to do—*i.e.*, it granted the retroactive license described therein and refrained from pursuing claims related to prior uses of its protected intellectual properties.

44. Boardriders has failed to honor its commitments under the Settlement Agreement insofar as it has failed to cease and desist from using the PIPELINE® mark on products created after January 1, 2010.

45. GPI has been harmed as a proximate result of Boardriders' failure to adhere to its commitments under the Settlement Agreement in an amount to be proved at trial.

## PRAYER FOR RELIEF

WHEREFORE, GPI prays for judgment in its favor and against Boardriders as follows:

1. For injunctive relief:

    a. Enjoining Boardriders, its agents, employees, representatives, partners, joint venturers and/or anyone acting on behalf of, or in concert with Boardriders, preliminarily and permanently, from directly or indirectly using Plaintiff's PIPELINE®

mark, or any confusingly similar mark, in a manner that is likely to cause confusion; and

    b. Compelling Boardriders to destroy or deliver to GPI for destruction any and all labels, signs, prints, packages, wrappers, receptacles, and advertisements in the possession or under the control of Boardriders bearing the PIPELINE® mark or any similar mark.

2. For monetary relief:

    a. Compensatory damages in an amount to be proven at trial, in excess of $1 million, including but not limited to damages and/or a reasonable royalty compensating GPI for all unauthorized uses of the PIPELINE® mark by Boardriders;

    b. Statutory damages (under 15 U.S.C. § 1117(c)-(d)) according to proof;

    c. Restitution;

    d. Treble damages;

    e. Reimbursement of all costs, attorney's fees and expenses incurred in bringing this action; and

    f. Pre-judgment and post-judgment interest at the maximum rate allowable by law.

3. For any such other and further relief, including but not limited to equitable relief, as the Court shall deem just and proper.

DATED: September 28, 2022    ROSS LLP

By:    /s/ Peter W. Ross
       Peter W. Ross
Attorneys for Plaintiff GRAPHIC PRINTS, INC.

## DEMAND FOR JURY TRIAL

Graphic Prints, Inc./ hereby demands a trial by jury with respect to all issues so triable.

DATED: September 28, 2022
        ROSS LLP
        Peter W. Ross
        Eric C. Lauritsen

        By:   /s/ Peter W. Ross
           Peter W. Ross
        Attorneys for Plaintiff GRAPHIC PRINTS, INC.